UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENDRICK W. HAYNES.

    Plaintiff(s),

v.

UNITED STATES OF AMERICA,

    Defendant(s).

NO. C06-1558P

ORDER ON MOTION TO DISMISS

The above-entitled Court, having received and reviewed:

1. United States' Motion to Dismiss Plaintiff's Complaint

2. Plaintiff's Response Praying Court to Deny United States' Motion to Dismiss

3. United States' Reply in Support of Motion to Dismiss Plaintiff's Complaint

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that the motion is GRANTED and the complaint is hereby DISMISSED with prejudice.

**Background**

In October 0f 1986, Plaintiff filed a patent application regarding "a marine propulsion device . . . exhibiting stealth and ice lubrication properties." In December of 1987, the Patent Office ("USPTO"), after conferring with the U.S. Navy, imposed a secrecy order on the application because of the claimed "stealth" capability claimed in the documentation. The secrecy order was renewed in 1988 and 1989, then rescinded in 1990. In December 1990, the USPTO granted the patent application.

**ORD ON MTN
TO DISMISS - 1**

1   In January 1996, Plaintiff filed a suit against the government, seeking compensation under 35
2   U.S.C. § 183 (right to compensation for patent applicants whose inventions have been withdrawn from
3   public use because of a secrecy order).  The case was tried to U.S. District Judge Dwyer of this
4   District in September 1997 (C96-0050), who found that Plaintiff had failed to demonstrate any loss of
5   sales (or loss of any kind) or diminution in the value of his business attributable to the secrecy order.
6   Judgment was entered in favor of the U.S.; the judgment was affirmed on appeal (Decision in Federal
7   Circuit Case No. 98-1458).

8   In October 2006, Plaintiff filed this lawsuit, asking for a new trial under FRCP 59, based on
9   "new evidence."  The complaint also asserts claims under the Sherman Antitrust Act, § 1983 and 35
10  U.S.C. § 271 (the patent infringement statute).

11  **Discussion**

12  FRCP 59 requires that a motion for a new trial be filed "no later than 10 days after the entry of
13  judgment" and the judgment in Plaintiff's original case is over 9 years old.  Even if this Court were to
14  consider converting his claim to one brought under FRCP 60 (vacating a prior judgment because of
15  new evidence), Plaintiff would still be barred from bringing his suit as the motion for a new trial on the
16  grounds of "newly discovered evidence" must be brought within a year of entry of judgment.  The
17  Court has no jurisdiction to entertain a claim under either of these procedural rules.

18  In any event, Plaintiff's § 183 compensation claims are barred under *res judicata*, which acts to
19  bar "all grounds for recovery which could have been asserted, whether they were or not, in a prior suit
20  between the same parties. . . on the same cause of action if the prior suit concluded in a final judgment
21  on the merits."  Internat'l Union of Operating Engineers v. Karr, 994 F.2d 1426, 1429 (9th Cir. 1983).

22  It is extremely difficult to ascertain from Plaintiff's briefing exactly why he believes he should
23  be exempted from the *res judicata* effect of his prior lawsuit.  It appears that he wishes to update the
24  damages he is claiming based on the further passage of time, and that he has new legal arguments

25
26  **ORD ON MTN
    TO DISMISS - 2**

based on the legislative intent of § 183.  But it is unquestioned that this suit is brought against the same parties on the same cause of action as his 1996 litigation – the FRCP makes some limited allowance for the discovery of new evidence in such a case, but Plaintiff is many years beyond the deadline set by Rules 59 and 60.  Plaintiff will not be permitted to re-litigate his § 183 claims against the government.

His remaining causes of action are simply unavailable to him.  The Sherman Act may not be used for claims against the United States.  <u>Sea-Land Service, Inc. v. Alaska Railroad</u>, 659 F.2d 243, 246 (D.C. Cir. 1981).  Nor is § 1983 applicable to federal employees acting under federal law.  <u>Billings v. U.S.</u>, 57 F.3d 797, 801 (9th Cir. 1995).  There is a limited waiver of sovereign immunity for patent infringement under 35 U.S.C. § 271, but it requires that the suit be brought in the U.S. Court of Federal Claims – although the Court could transfer the matter to that court "in the interests of justice" (28 U.S.C. § 1683), in fact the interests of justice dictate that this frivolous lawsuit be brought to a halt.

Even Plaintiff's briefing appears to concede that his non-§ 183 claims are improper, although he requests a dismissal without prejudice to permit him "to pursue actions later (as appropriate)."  Plaintiff Response, p. 2.  The Court denies that request.

**Conclusion**

Plaintiff's § 183 claim is barred by *res judicata*.  His remaining claims are without merit, and there is no conceivable set of facts which could be adduced to convert them to a meritorious cause of action.  Accordingly, this matter is ordered DISMISSED with prejudice.

The clerk is directed to provide copies of this order to all counsel of record.

Dated:  February 13, 2007

Marsha J. Pechman
U.S. District Judge

**ORD ON MTN TO DISMISS - 3**