UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENDRICK HAYNES,

    Plaintiff(s),

 v.

UNITED STATES OF AMERICA,

    Defendant(s).

NO. C06-1158P

ORDER ON MOTION FOR RECONSIDERATION

The above-entitled Court, having received and reviewed Plaintiff's Rule CR7(h) Motion for Reconsideration, and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that the motion is DENIED.

Civil Rule 7(e)(1) states that "(m)otions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence."

Plaintiff's motion for reconsideration cites no new facts or legal authority. It appears to argue that he has separate claims for each of his patents and that the Court's most recent ruling (and his original 1996 case) covers only one of those patents. Neither of those assertions is true. The Court's dismissal order (Dkt. No. 25) concerned all of Plaintiff's claims regarding his patents. A review of the record in his 1996 case reveals that the secrecy order which forms the basis of both of his lawsuits "extended not only to the modified version covered by the pending patent application, but also to the the earlier versions, because the earlier versions were incorporated into the new one." Report and Recommendation, p. 3, C96-050, Dkt. No. 42. Even if Plaintiff's 1996 lawsuit had not specifically

**ORDER ON MOTION**
**FOR RECONSIDERATION - 1**

1  encompassed all his patents issued prior to the secrecy order, *res judicata* would bar him from raising

2  them now.

3  Plaintiff also alludes to a patent granted after the issuance of the secrecy order (USP

4  5,545,063, issued August 1996; Motion, p. 2).  This patent could not have been affected by the

5  secrecy order and thus Plaintiff has no standing to bring a § 183 claim concerning it.  Nor did Plaintiff

6  raise this issue in his response to Defendant's motion to dismiss or indicate now why he was prevented

7  from doing so.

8  Plaintiff seeks to introduce new evidence concerning his "demonstrable losses," citing patents

9  granted to a civilian company (Siemens AG's Abdel Maksoud Patents No. 6,881,110 and 7,052,339;

10  Motion, p. 3) which allegedly cite patents belonging to him.  Not only is Siemens AG not before this

11  Court as a party to this lawsuit, but the order to dismiss was not premised on Plaintiff's ability to

12  demonstrate that he had suffered damages.  There is nothing to reconsider on that issue.

13  **Conclusion**

14  Plaintiff has failed to plead any grounds under which a motion to reconsider might be granted.

15  The motion will be DENIED.

17  The clerk is directed to provide copies of this order to all counsel of record.

18  Dated:  February _21__, 2007

20  _____
21  Marsha J. Pechman
    U.S. District Judge

**ORDER ON MOTION
FOR RECONSIDERATION - 2**